Katessa M. Charles (SBN 146922)
Katessa.Charles@Jacksonlewis.com
Andrea M. Naccache (SBN 317275)
Andrea.Naccache@Jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
UNUM GROUP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWNYA COLEMAN, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>UNUM GROUP, a Delaware corporation; and DOES 1 - 50, inclusive,<br><br>      Defendants. | **CASE NO.:**  2:21-cv-9084<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Civil Case Cover Sheet, Notice of Removal, Declaration of Andrea M. Naccache, Declaration of Glenda Pongras, Declaration of Paul Jullienne, Corporate Disclosure Statement and Notice of Interested Parties) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DAWNYA COLEMAN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant UNUM GROUP ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles ("Los Angeles Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1.    On August 12, 2021, Plaintiff DAWNYA COLEMAN ("Plaintiff") filed an unverified civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *Dawnya Coleman vs. Unum Group*, Case No. 21STCV29779 ("the Complaint"). A true and complete copy of Plaintiff's Complaint and other related court documents received by Defendant is attached hereto as **Exhibit "A."**

2.    In the Complaint, Plaintiff asserts six causes of action against Defendant for: (1) Medical Condition and/or Disability Discrimination in Violation of the FEHA; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent in Violation of the FEHA; and (6) Wrongful Termination in Violation of Public Policy.

3.    On October 21, 2021 Defendant was first served with Plaintiff's Summons, Complaint and Civil Case Cover Sheet. The Complaint did not specify the amount of damages sought or provide any information regarding the amount in controversy, other than that the amount in controversy exceeded $25,000, which is the jurisdictional limit for unlimited civil cases in California. *California Code of Civil Procedure* §§86, 88.

4.    On November 18, 2021, Defendant filed and served its Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure section 431.30(d), and asserting various affirmative defenses. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

5.    Exhibits "A" and "B" constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

/ / /

/ / /

/ / /

**TIMELINESS OF REMOVAL**

6.     This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of Plaintiff's Summons and Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

**NOTICE TO ALL PARTIES AND STATE COURT**

7.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**VENUE**

8.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

**BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP**

9.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

10.     This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. §1332(a)(1).

11.     The citizenship of the parties is diverse. As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizen of California, on the one hand, and Defendant, a citizen of Delaware and Tennessee, on the other hand.

**PLAINTIFF DAWNYA COLEMAN**

12.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

13.    Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (*See* Complaint ¶ 1, Exhibit "A"; *see also* Declaration of Glenda Pongras ("Pongras Decl."), ¶ 8.)

**DEFENDANT UNUM GROUP**

14.    A corporate defendant is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

15.    At the time the Complaint was filed in state court, and presently at the time of removal, Defendant was and is a general business corporation organized under the laws of the State of Delaware, with its principal place of business located in Chattanooga, Tennessee. Unum Group is a holding company for all of its insurance and other subsidiary companies. Unum Group's headquarters, including its main administrative office, executive offices, and home office are located in Chattanooga, Tennessee. No executive offices or executive officers of Unum Group are located in California; likewise,

no senior management decisions of Unum Group are made in California. (Declaration of J. Paul Jullienne ("Jullienne Decl."), ¶ 4-7.)

16.     Therefore, Defendant's primary operations are handled outside the State of California; thus, diversity exists here.

17.     No other defendants have been named in the Complaint.

## DOE DEFENDANTS

18.     Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint. The citizenship of Doe Defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a).

19.     Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant is not. 28 U.S.C. §§ 1441, et seq.; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

## AMOUNT IN CONTROVERSY

20.     This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

21.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every claim alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may

appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

22.   The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035. Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial.

23.   In addition, according to Plaintiff, she was a Benefit Specialist with Defendant and employed from September 3, 2018 to February 24, 2021. (See Complaint ¶ 7-8, Exhibit "A".)

24.   Plaintiff was hired on September 3, 2019 as a Disability Benefit Specialist ("DBS") Trainee with a starting salary of $50,000 per year for the non-exempt position. (See Pongras Decl., ¶ 7, 9.) Assuming, conservatively, two years of back pay through a potential trial date and two years of front pay, Plaintiff is seeking, minimally, the jurisdictional limit. Thus, the amount in controversy is easily satisfied by virtue of Plaintiff's alleged lost earnings.

25.     Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. See also *Aucina v. Amoco Oil Co.*(1994) 871 F. Supp. 332, 334. According to the Complaint, Plaintiff seeks punitive damages. (See Complaint, Prayer for Relief ¶ 3, Exhibit "A".)

26.     Taken together, Plaintiff's potential recovery for lost wages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## <u>DIVERSITY JURISDICTION IS SATISFIED</u>

27.     This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, et seq. and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

28.     The Notice of Removal was filed within thirty (30) days of October 21, 2021, the date of service listed on Plaintiff's Complaint and Proof of Service. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## <u>VENUE IS PROPER</u>

29.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California, Western Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

30.     For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 et seq.

1       WHEREFORE, Defendant prays the above action now pending against them in the

2   Superior Court of the State of California for the County of Los Angeles be removed to

3   this Court.

4                                               Respectfully submitted,

5   DATED:  November 19, 2021          JACKSON LEWIS P.C.

6

7                         By:

8                                       Katessa M. Charles
                                    Andrea M. Naccache

9                                       Attorneys for Defendant

10                                      UNUM GROUP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28