# Exhibit A

21STCV29779
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maurice Leiter
Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2021 11:20 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
Dawnya Coleman

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL

| | |
|---|---|
| DAWNYA COLEMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM GROUP, a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 21STCV29779<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **MEDICAL CONDITION AND/OR DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br><br>3. **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br><br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br><br>5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA; and**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DAWNYA COLEMAN, hereby brings her employment complaint against the above-named Defendants because of Defendants' failure to accommodate Plaintiff's medical condition/disability, and Defendants' unlawful decision to terminate her employment because of her medical condition/disability. Plaintiff demands a trial by jury, and states and alleges the following:

## THE PARTIES

1. At all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Plaintiff, DAWNYA COLEMAN, was an individual.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant UNUM GROUP was a Delaware corporation doing business in the County of Los Angeles, State of California, at 655 North Central Avenue, Glendale, California 91203. At the time the causes of action arose, Defendants UNUM GROUP and/or DOES 1-50 were Plaintiff's employer(s).

3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

4. Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venturer of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6. Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

## THE FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from on or about September 3, 2018 until Defendant wrongfully terminated Plaintiff's employment on or about February 24, 2021.

8. Plaintiff worked for Defendant in the position of Benefit Specialist. Throughout Plaintiff's employment, she was a good employee.

9. In or around 2019, Plaintiff was diagnosed with cancer. Plaintiff notified Defendant of her serious medical condition and requested an unpaid leave of absence to undergo surgery and receive life-saving treatment.

10. Plaintiff began her leave of absence on or about May 26, 2020. While on leave, Plaintiff was in constant contact with Defendant about her medical condition/disability and her anticipated return to work date.

11. On or about January 11, 2021, Defendant suddenly informed Plaintiff that she needed to return to work by January 18, 2021 or Plaintiff's employment would be terminated.

12. That same day, Plaintiff notified Defendant that she was still experiencing symptoms related to her medical condition, including burning, numbness, and tingling in her extremities, and that her doctor had placed her off work until February 17, 2021 so that she could continue to undergo necessary medical treatment.

13. After receiving Plaintiff's request for a continued unpaid leave of absence reasonable accommodation until February 17, 2021, Defendant, without ever engaging in an interactive process, terminated Plaintiff's employment for "unsatisfactory attendance." Defendant terminated Plaintiff's employment even though Defendant has a written policy to keep employees on leave employed for "up to 12 months of absence," and Plaintiff had not been on leave for 12 months.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to accommodate Plaintiff's medical condition/disability and terminated Plaintiff's employment

3
**COMPLAINT FOR DAMAGES**

on account of her medical condition/disability and/or in retaliation for Plaintiff engaging in protected activities, including requesting reasonable accommodation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On August 10, 2021, Plaintiff filed a complaint against Defendants with the Department of Fair Employment and Housing and received an immediate "Right-to-Sue" letter from said department that same day. This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION
## MEDICAL CONDITION/DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA
## (Against ALL Defendants)

16. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 15 of this Complaint.

17. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

18. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of medical condition/disability.

19. Defendant engaged in unlawful employment practices in violation of the FEHA.

20. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

21. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

22.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

23.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA
### (Against ALL Defendants)

24.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 23 of this Complaint.

25.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

26.   Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

27. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

28. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

29. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

30. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees for up to one year. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## THIRD CAUSE OF ACTION

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

31. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 30 of this Complaint.

32. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

33. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate her known medical condition/disability in violation of the FEHA.

34. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

35. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to her damage in an amount according to proof.

36. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

37. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the medical condition/disability its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

38. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 37 of this Complaint.

39. At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendants, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has requested reasonable accommodation.

40. Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

41. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

42. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

43. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

44. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that

specifically prohibited retaliation and required Defendant's managers, officers, and agents to prevent retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

45. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 44 of this Complaint.

46. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

47. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

48. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

49. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation,

loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

50. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

51. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

52. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///
///
///

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

53. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 52 of this Complaint.

54. The actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in the FEHA and the laws and regulations promulgated thereunder.

55. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and retaliation based on a disability and required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendant. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages, according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For reinstatement;
10. For declaratory relief, pursuant to <u>Harris v. City of Santa Monica</u>;
11. For injunctive relief, pursuant to <u>Harris v. City of Santa Monica</u>; and
12. For such other relief and the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  August 10, 2021                BROCK & GONZALES, LLP

By: _____

D. AARON BROCK

Attorneys for Plaintiff